IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

ROBERT J. GALLAGHER

        Plaintiff,

vs.

SANTANDER CONSUMER USA
C T CORPORATION SYSTEM
120 South Central Avenue
Clayton, MO 63105

        Defendant.

Cause No. _____

Division No. _____

## CLASS ACTION PETITION

Now comes Plaintiff Robert J. Gallagher ("Plaintiff"), individually and as representative of all others similarly situated and for his Class Action Petition states:

### INTRODUCTION

1. Missouri law requires lienholders to release liens and encumbrances on auto titles no more than five business days following loan satisfaction.

2. Missouri law also requires lienholders to release the lien on the certificate, on a separate document, or electronically, and then mail or deliver the certificate or separate document to the owner evidencing this release. This also must occur no more than five business days following loan satisfaction.

3. When lienholders fail to do either or both of these, Missouri law requires lenders to pay liquidated damages to customers.

4. This class action seeks relief for customers of Santander Consumer USA (hereinafter "Defendant" and/or "Santander") because Santander has regularly violated Mo. Rev.

Stat. §301.640(1) and (4) by failing to timely release liens or encumbrances and by failing to timely mail or deliver the certificate or separate document evidencing this release.

## PARTIES

5.　　Named Plaintiff, Robert J. Gallagher, is an individual and resident of 13362 Primwood Drive Saint Louis, MO 63141.

6.　　Defendant Santander Consumer USA is a sales financing company organized and existing under the laws of the State of Texas, registered to do business in the State of Missouri, including in St. Louis County.

## JURISDICTION AND VENUE

7.　　Defendant is headquartered in Texas and conducts business all throughout the State of Missouri.

8.　　All (or the vast majority) of the class members are Missouri residents.

9.　　The principal injuries resulting from Defendant's conduct alleged in this Petition occurred in the State of Missouri under Missouri specific law.

10.　　During the three-year period before the filing of this action, no other class action was filed on behalf of the same, or other, persons against Defendant asserting the same or similar factual allegations set forth in this Petition.

11.　　Greater than two-thirds of the members of the proposed class are citizens of the State of Missouri.

12.　　This Court has personal jurisdiction over Defendant because Defendant continuously and consistently conducts business in St. Louis County and throughout the State of Missouri.

2

13.    Venue is proper because Plaintiff resides in St. Louis County and because many of the acts complained of occurred within the territorial jurisdiction of this Court.

## CLASS ALLEGATIONS

14.    Plaintiff realleges and incorporates herein all previous paragraphs of this Petition.

15.    A class action is appropriate and necessary because Defendant has engaged in a widespread, uniform practice of failing to timely release liens or encumbrances and/or failing to timely mail or deliver the certificate or a separate document evidencing lien releases, in violation Mo. Rev. Stat. §301.640(1) and (4).

16.    The class is defined as follows:

All Missouri residents who within the statute of limitations owned a Missouri-titled vehicle on which Defendant had a lien or encumbrance, and either or both of the following occurred: (a) Defendant did not release the lien or encumbrance within five business days after the lien or encumbrance was satisfied; or (b) the owner of the vehicle was not sent a certificate or separate document evidencing Defendant's release of its lien within five business days after the lien or encumbrance was satisfied.

17.    Excluded from the class are: (1) Santander Consumer USA and its affiliates, officers, and/or directors; (2) members of the judiciary and their staff to whom this action is assigned; and (3) Plaintiff's counsel.

18.    This class numbers over forty (40) persons and is so numerous that joinder of all members is impracticable, and it is further impracticable to bring all such persons before this Court.

19.    The injuries and damages to the class members present questions of law and fact that are common to each class member, and that are common to the entire class as a whole.

20.    Defendant has engaged in the same conduct with respect to all the class members.

21.     The claims, defenses, and injuries of the representative Plaintiff are typical of the claims, defenses and injuries of the entire class, and the claims, defenses and injuries of each class member are typical of those of the entire class.

22.     Representative Plaintiff will fully and adequately protect and represent the entire class, and all the class members.

23.     The identity of every class member cannot be determined at this time, but will be determined upon obtaining discovery from Defendant and others.

24.     The prosecution of separate actions by each class member would create a substantial risk of inconsistent or varying adjudications for individual class members that would establish incompatible standards of conduct for Defendant.

25.     The prosecution of separate actions would also create a substantial risk of adjudication with respect to individual class members which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests.

26.     Questions of law and fact common to the class exist and predominate over questions affecting only individual members.

27.     The maintenance of this suit as a class action is the superior means of disposing of the common questions which predominate herein.

## COUNT ONE

### Mo. Rev. Stat. §301.640(1) & (4) et seq.

28.     Plaintiff realleges and incorporates herein all previous paragraphs of this Petition.

29.     Defendant violated and failed to comply with the requirements of Mo. Rev. Stat. §301.640(1) & (4) et seq. in two ways: firstly, a.) by failing to timely release its lien(s) on

4

Plaintiff's and the class members' vehicles; and secondly, b.) by failing to timely mail or deliver

a certificate of title or separate document upon which Defendant released the lien to Plaintiff and

the class members.

30.    Mo. Rev. Stat. §301.640(1) provides:

Within five business days after the satisfaction of any lien or encumbrance of a
motor vehicle or trailer, the lienholder *shall release the lien* or encumbrance *on the
certificate, on a separate document*, or electronically under section 32.096 and any
rules and regulations adopted thereunder, *and mail or deliver the certificate or a
separate document* to the owner or any person who delivers to the lienholder an
authorization from the owner to receive the certificate or such documentation.

(Emphasis added.)

31. Mo. Rev. Stat. §301.640(4) provides:

Any lienholder who fails to timely comply with subsection 1... of this section *shall*
pay to the person or persons satisfying the lien or encumbrance liquidated damages
up to a maximum of two thousand five hundred dollars for each lien. Liquidated
damages shall be five hundred dollars if the lienholder does not comply within five
business days after satisfaction of the lien or encumbrance. Liquidated damages
shall be one thousand dollars if the lienholder does not comply within ten business
days after satisfaction of the lien or encumbrance. Liquidated damages shall be two
thousand dollars if the lienholder does not comply within fifteen business days after
satisfaction of the lien or encumbrance. Liquidated damages shall be two thousand
five hundred dollars if the lienholder does not comply within twenty business days
after satisfaction of the lien or encumbrance....

(Emphasis added.)

32.    A lienholder must, in the timely manner specifically defined by statute, both release

its lien on the certificate of title or a separate document and mail or deliver these documents to the

person satisfying the lien in order to comply with Mo. Rev. Stat. §301.640(1).

33.    Failure to do all of these required actions is non-compliance.

34.    Defendant had a lien on Plaintiff's 2007 Chevrolet Trailblazer, Vehicle

Identification Number 1GNDT13S272152203.

5

35.    On April 11, 2017, Plaintiff satisfied that lien when his final payment – a full payoff – on the subject loan posted.

36.    Defendant sent Plaintiff a letter (which was not notarized at all, also required by Mo. Rev. Stat. §301.640 et seq.) on May 2, 2017 identifying Plaintiff's vehicle and stating, among other things, "Release Date: 4/11/2017". See Exhibit A.

37.    Defendant also sent Plaintiff a copy of the Retail Installment Contract for the subject loan, which was stamped "Paid In Full" with the date stamped "April 30, 2017". See Exhibit B.

38.    This was the actual release date – Sunday, April 30, 2017 – when Defendant internally processed, stamped, and sent Plaintiff this release.

39.    The release date of April 30, 2017 was not within five business days of satisfaction of the lien as required by Mo. Rev. Stat. §301.640(1) et seq.

40.    Defendant admitted to failing to timely release Plaintiff's lien within five business days and violating Mo. Rev. Stat. §301.640(1) et seq. by stamping the real date of release on the copy of the Retail Installment Contract.

41.    Additionally, Defendant's letter dated May 2, 2017 was the "separate document" upon which Mo. Rev. Stat. §301.640(1) et seq. requires Defendant to release the lien and then send to Plaintiff.

42.    However, that document was not received until twelve business days after Plaintiff satisfied the lien.

43.    That document was not mailed or delivered to Plaintiff within five business days.

44.    As a result, Defendant's mailing or delivery of a separate document evidencing the release of Plaintiff's lien was late and in violation of Mo. Rev. Stat. §301.640(1).

6

45.    Plaintiff's property rights are protected by the Missouri legislature's enactment of Mo. Rev. Stat. §301.640(1) et seq.

46.    Through enactment of this statute, the Missouri legislature recognized the paramount importance of a timely release of a lien and the timely notification and delivery of evidence of these releases, and codified a specific period of time within which lienholders are required to release a lien and notify owners of these releases.

47.    Defendant's late release wrongfully interfered with Plaintiff's property rights by encumbering his property beyond what Missouri law allows.

48.    This late release also harmed Plaintiff and/or created a real risk of harm to Plaintiff, because, among other things:

>    a.    Defendant's late release created a real risk of harm because it clouded the title to Plaintiff's vehicle.
>
>    b.    This release must be on the certificate itself or on a separate document, and without this certificate/separate document, which has the release on the document itself, an owner *cannot* get title to his or her vehicle – the process at the Department of Revenue requires this document.
>
>    c.    The cloud on the vehicle's title from the unreleased lien prevents Plaintiff from selling the vehicle at his choosing as a vehicle with a clean, free, and clear title.
>
>    d.    An unreleased lien also creates a real risk of harm in that it can adversely affect Plaintiff's credit rating and credit score, in which Plaintiff has a real and concrete interest.
>
>    e.    Credit ratings, scores, and reports are used for a variety of purposes. Banks, credit card companies, mortgagees, and other lenders use credit ratings and

7

scores to evaluate a consumer's credit-worthiness and the risk that the consumer will default on a credit obligation. Credit reports are also used for employment and ratings for insurance premiums.

f.  Defendant's failure to release Plaintiff's lien created a real risk of an adverse financial record that his loan had not been paid in full, thereby presenting a real risk of a reduced credit score.

g.  Similarly, Defendant's failure to release an owner's lien creates a real risk that an owner's credit report could reflect an encumbered property and outstanding debt for longer than is proper or accurate.

h.  Defendant's failure to release the lien prevents an owner from taking out a title loan if (s)he wanted to.

i.  Timely release – legislatively codified to be within five business days – is key under the statute. For each day that the lien is not released, the owner's credit and title to their property are affected. This harms the owner and/or creates a real risk of harm to the owner.

49.    Defendant's failure to timely mail or deliver to Plaintiff the certificate of title or a separate document upon which Defendant has released the lien within five days after satisfaction, as required by law, also harmed and/or created a real risk of harm to Plaintiff because, among other things:

a.  Defendant's failure to notify Plaintiff of his newly released lien clouded the title to his vehicle.

b.  Again, without this document, an owner *cannot* go to the Department of Revenue and apply for a title.

8

           c.  Without clean title to the vehicle, under Missouri law, an owner cannot sell a vehicle.

           d.  Timeliness – legislatively codified to be within five business days – is key under the statute. For each day that the owner does not have a certificate of title or separate documents reflecting and evidencing the release of this lien, the owner's ability to enjoy the full use of his or her property is affected. This harms the owner and/or creates a real risk of harm to the owner.

50.    Mo. Rev. Stat. §301.640(4), states that any lienholders that fail to timely release a lien or encumbrance under Mo. Rev. Stat. §301.640(1) "*shall* pay to the person… satisfying the lien… liquidated damages up to a maximum of two thousand five hundred dollars for each lien." Emphasis added.

51.    Mo. Rev. Stat. §301.640(4), states that any lienholders that fail to timely mail or deliver the certificate of title or a separate document with the release on it to Plaintiff or an owner under Mo. Rev. Stat. §301.640(1) "*shall* pay to the person… satisfying the lien… liquidated damages up to a maximum of two thousand five hundred dollars for each lien." Emphasis added.

52.    Mo. Rev. Stat. §301.640(4) states that the "liquidated damages shall be five hundred dollars if the lienholder does not comply [with either of the above-stated requirements of Mo. Rev. Stat. §301.640(1)] within five business days after satisfaction of the lien[.]"

53.    Plaintiff is entitled to liquidated damages of, at a minimum, $500 from Defendant because Defendant released the subject lien and failed to mail or deliver the documents upon which it released the lien more than five business days after satisfaction.

54.    Each class member similarly owns or owned a Missouri titled vehicle upon which Defendant had a lien or encumbrance, which was satisfied, but Defendant failed to timely release

9

and/or failed to timely mail or deliver a certificate of title or a separate document in violation of Mo. Rev. Stat. §301.640(1) and (4) et seq.

55.     These late releases and late deliveries harmed and/or created a real risk of harm to the class members for all of the reasons described herein.

56.     Accordingly, the class members are entitled to liquidated damages of, at a minimum, $500 from Defendant as provided by law.

57.     Each of these failures is an independent "failure to timely comply with subsection 1" of the statute.

58.     This suit seeks redress for the tardiest of each "failure to timely comply with subsection 1" whether late release of a lien, or late delivery of documents, or both.

59.     For example, if Defendant released an owner's lien seven business days after owner satisfied the lien, but failed to send the owner a certificate or separate document evidencing this release until sixteen business days after the owner satisfied the lien, the owner would be entitled to two thousand dollars because the later of the two failures to timely comply occurred sixteen days after satisfaction.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands judgment as follows:

1.     For an Order determining, at the earliest possible time, that this matter may proceed as a class action under Mo. R. Civ. P. 52.08 et seq. and certifying this matter as such, and appointing the named plaintiff as the Class Representative and the undersigned Counsel as Class Counsel.

2.     For liquidated damages in the amounts provided by Missouri law, specifically Mo. Rev. Stat. §301.640(4).

3.    For equitable relief as the Court may deem appropriate, just, and proper.

Respectfully submitted,

Gregory D. Vescovo (#44657)
GREGORY D. VESCOVO, ATTORNEY AT
LAW
10009 Office Center Ave., Suite 100
St. Louis, MO 63128
(314) 849-8383
Email: *greglaw@sbcglobal.net*

11