UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT J. GALLGHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-01083-SEP |
| | ) |
| SANTANDER CONSUMER USA INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Remand. Doc. [17]. The Motion is fully briefed. For the reasons below, the Motion will be denied.

**FACTS AND BACKGROUND**

Defendant Santander Consumer USA Inc. ("Santander"), a sales financing company, had a lien on Plaintiff Robert Gallagher's 2007 Chevrolet Trailblazer. Gallagher alleges he satisfied this lien on April 11, 2017, and Santander sent Gallagher an unnotarized letter on May 2, 2017, confirming that the lien was paid in full. Doc. [5] at ¶¶ 35-36. In the letter, Santander included a copy of the Retail Installment Contract, which was stamped April 30, 2017, indicating the lien was paid in full as of that date. *Id.* ¶ 37.

Plaintiff brought this action in state court, asserting a claim under Mo. Rev. Stat. § 301.640(1) & (4) for failure to timely release his lien and to timely certify the release of his lien. *Id.* ¶ 29. Under Section 301.640(1), a lienholder must, in the time prescribed by the statute, release the lien on the certificate of title or a separate document and mail or deliver these documents to the person satisfying the lien. Failure to comply permits a remedy of damages that are scaled according to the length of non-compliance, starting at $500 for failure to comply within five business days and increasing to $2,500 if non-compliance extends to twenty business days. Mo. Rev. Stat. § 301.640(4). Gallagher seeks damages as well as establishment of a Missouri class. The proposed class consists of:

> All Missouri residents who within the statute of limitations
> owned a Missouri-titled vehicle on which Defendant had a lien
> or encumbrance, and either or both of the following occurred:

1

> (a) Defendant did not release the lien or encumbrance within
> five business days after the lien or encumbrance was satisfied;
> or (b) the owner of the vehicle was not sent a certificate or
> separate document evidencing Defendant's release of its lien
> within five business days after the lien or encumbrance was
> satisfied.

*Id.* ¶ 16. On August 17, 2020, Santander removed this action under the Class Action Fairness Act. Doc. [1]. On September 11, 2020, Gallagher filed the Motion to Remand. Doc. [17].

## LEGAL STANDARD

CAFA grants federal district courts original jurisdiction over class actions cases where there is "1) minimal diversity of citizenship among the parties; 2) there are at least 100 class members; and 3) the amount in controversy exceeds $5 million." *City of O'Fallon v. CenturyLink, Inc.*, 930 F. Supp. 2d 1035, 1039 (E.D. Mo. 2013) (citing 28 U.S.C § 1332(d)(2), (5)(B)). CAFA was enacted to expand federal court jurisdiction over class actions, but it "did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). Where a plaintiff does not allege more than $5 million in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

"[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. When it is challenged, the "defendant seeking to remove on CAFA grounds must establish by the preponderance of the evidence each of the three (3) jurisdictional elements." *City of O'Fallon*, 930 F. Supp. 2d. at 1039. "Under the preponderance standard, the jurisdictional fact . . . is not whether damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are . . . ." *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (emphasis in original) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)). A defendant can rely on "specific factual allegations . . . combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," but cannot rely on "conjecture, speculation, or star gazing." *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 646 (8th Cir. 2017) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)); *see also McNamee v. Knudsen & Sons, Inc.*, 2016 WL 827942, at *3 (E.D. Mo. Mar. 3, 2016) ("[D]efendant cannot establish removal jurisdiction by mere

2

speculation and conjecture with unreasonable assumptions."). If the removing party has met that standard, then "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956. The Supreme Court has made clear that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89.

## DISCUSSION

Defendant's Notice of Removal alleges that all three CAFA requirements are satisfied. Plaintiff does not dispute that minimal diversity is met here—that is, that Plaintiff is a citizen of Missouri and Defendant is a citizen of Illinois and Texas. Doc. [1] ¶¶ 3-4. But the parties dispute whether the $5 million amount in controversy and CAFA's 100-member (or "numerosity") requirements have been met. Gallagher contends that Defendant cannot "show[] that the putative class contains the thousands of class members that would be necessary" to reach $5 million because, at least in part, Defendant "denied in its Answer that there are even 40 class members." Doc. [17] at 1.

The Court disagrees. First, Santander has established by a preponderance of the evidence that there are at least 100 class members. When determining jurisdiction under CAFA, the Court can look to both the face of the complaint and the notice of removal. *See Davis v. Citibank, N.A.*, 2014 WL 6673520, at *2 (E.D. Mo. Nov. 24, 2014). In the Complaint, Gallagher alleged that Santander's violations were a "widespread, uniform practice." Doc. [5] ¶ 15 ("A class action is appropriate and necessary because Defendant has engaged in a widespread, uniform practice of failing to timely release liens . . . ."). With the Notice of Removal, Santander submitted an affidavit from Randy Bockenstedt, Senior Director of Collections for Santander, stating that Santander released more than 44,000 liens relating to vehicle loan accounts in Missouri between 2015 and 2020. Doc. [1-2] ¶¶ 2, 5. If the alleged misconduct was a "widespread, uniform practice," and Santander released more than 44,000 liens in the relevant geographical area during the relevant time period, then it is a reasonable deduction that at least 100 people were affected. *See City of O'Fallon*, 930 F. Supp. 2d at 1039 ("Jurisdictional facts must be considered in light of the allegations as contained in plaintiff's complaint at the time of removal.").

Santander's denial in the Answer "that there are even 40 class members" does not preclude satisfaction of the numerosity requirement. Doc. [17] at 1; *see* Doc. [18] at 1. A factfinder could determine that there are more than 40 class members notwithstanding any denials by Santander. Moreover, requiring Santander to admit that there are more than 40 customers whose liens it failed to timely release would require Santander to confess at least some liability in order to establish federal jurisdiction. It is well established that a defendant need not "confess liability" to establish a jurisdictional requirement. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013). Bockenstedt's affidavit, "combined with reasonable deductions [and] reasonable inferences" satisfies the numerosity requirement by a preponderance of the evidence. *Ferrara Candy Co.*, 873 F.3d at 646.

Santander has also satisfied the $5 million amount-in-controversy requirement. Gallagher argues that the only evidence submitted—the affidavit—is overinclusive because it does not identify which of the 44,000 liens were untimely released. Doc. [18] at 3-4. The evidence requires "speculation and conjecture" to establish the amount in controversy, Gallagher contends. *Id.* at 3. But the Eighth Circuit has rejected similar "overinclusiveness" arguments because "the question 'is not whether damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are.'" *Bell*, 557 F.3d at 959 (emphasis in original) (quoting *Kopp*, 280 F.3d at 885); *see Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-02 (9th Cir. 2010) (holding evidence of total charges for landline telephone services was sufficient because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability"); *see, e.g.*, *Raskas* (rejecting the overinclusiveness argument and finding removal jurisdiction established by affidavits detailing total sales, which included sales irrelevant to the plaintiff's claims); *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017) (rejecting the overinclusiveness argument).

Furthermore, Defendant need not "provide a 'formula or methodology for calculating the potential damages.'" *Raskas*, 719 F.3d at 888 (quoting *Raskas v. Johnson & Johnson*, 2013 WL 1283849 (E.D. Mo. March 25, 2013), *vacated*, 719 F.3d 884 (8th Cir. 2013)). Such a rule would require a defendant to "'confess liability' for the entire jurisdictional amount." *Id.* (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012)). "The removing party's burden of describing how the controversy exceeds $5 million constitutes a pleading requirement, not a demand for proof." *Jarrett v. Panasonic Corp of N. Am.*, 934 F. Supp. 2d 1020, 1023 (E.D. Ark.

2013) (quoting *Hartis*, 694 F.3d at 944-45); *see Waters v. Home Depot USA, Inc.*, 446 F. Supp. 3d 484, 492 (E.D. Mo. 2020) (defendant "'may rely on reasonable assumptions,' and there is no demand at the early stages of removal to conclusively establish damages" (quoting *Arias v. Residence Inn by Marriot*, 936 F.3d 290, 922 (9th Cir. 2019))). Santander sufficiently established the amount in controversy based on Bockenstedt's affidavit, explaining that,

> [e]ven if only 23% of the potential class members involve a late lien release, the $5 million amount in controversy requirement would be met, and that assumes the minimum damages provided for under the statute ($500) would be at issue. If the maximum damages under the statute ($2,500) were recoverable by the potential class members, then the potential class would only have to include 2,000 class members.

Doc. [19] at 9. Thus, despite Santander's denial that there are even 40 class members, a factfinder could legally conclude that the class includes over 100 members and that the amount in controversy exceeds $5 million.

Once a defendant "has explained plausibly how the stakes exceed $5 million," as has Santander, "then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas*, 719 F.3d at 888 (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). It is not enough that such a recovery is "highly improbable"; it must be "legally impossible." *Id.* Gallagher has offered no evidence of legal impossibility. Simply second-guessing the Defendant's allegations is insufficient.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. [17]) is **DENIED**.

Dated this 1st day of July, 2021.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE