## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT J. GALLAGHER, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 4:20-cv-01083-SEP |
| SANTANDER CONSUMER USA INC., | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Leave to File an Amended Affirmative Defense. *See* Docs. [34], [35], [38], [41]. For the reasons set forth below, the Court will grant the motion.

#### FACTUAL BACKGROUND

On June 24, 2020, Plaintiff Robert J. Gallagher filed this action on behalf of himself and others similarly situated against Defendant Santander Consumer USA Inc. (Santander) in St. Louis County Circuit Court, alleging that Santander violated Missouri law by failing to timely release a motor lien on Gallagher's vehicle and send him a "certificate of title or separate document" indicating that Santander had properly released the lien. Doc. [1] ¶¶ 1, 6 (citing MO. REV. STAT. §§ 301.640(1) and (4)). Gallagher alleges that Santander's failure to comply with Missouri's lien release laws "wrongfully interfered with [his] property rights by encumbering his property beyond what Missouri law allows," "clouded the title to his vehicle," "created a real risk of harm because it clouded the title to Plaintiff's vehicle," prevented him "from selling his vehicle at his choosing as a vehicle with a clean, free, and clear title," and risked "adversely affect[ing] [his] credit rating and credit score[.]" *Id.* ¶ 8 (quoting Doc. [1-1] ¶¶ 47-49). Gallagher seeks to certify a class of Missouri residents who also suffered from the same alleged misconduct. *Id.* ¶ 10; *see also* Doc. [1-1] ¶¶ 15, 16.

On July 13, 2021, the Court entered a Case Management Order instructing that all motions to amend the pleadings must be filed no later than September 9, 2021. Doc. [29] ¶ 2. In its Answer, Santander asserted four affirmative defenses and reserved its right to assert additional affirmative defenses later in the litigation. Doc. [16] at 17. On August 13, 2021, Santander moved for leave to amend to assert a statute of limitations defense. Doc. [34] ¶ 3 (citing MO. REV. STAT. § 301.640).

1

**DISCUSSION**

While affirmative defenses must generally be raised in the responsive pleading to avoid waiver, *see First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007); Fed. R. Civ. P. 8(c), failure to raise them in the first instance does not necessarily prove fatal. Rule 15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave," and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "'Unless there is a good reason for denial, . . . leave to amend should be granted.'" *Ortega v. City of St. Louis*, 2021 WL 1105503, at *3 (E.D. Mo. Mar. 23, 2021) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)).

This standard, while liberal, does not give parties an unqualified right to amend their pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citing *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005)). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility in the amendment.'" *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

Gallagher argues that Santander's Motion must be denied for three reasons: (1) the proposed statute of limitations defense was waived, (2) Santander unduly delayed in raising the defense, and (3) the amendment would be futile. Doc. [38] at 1.

**I.      Gallagher has not shown that Santander waived the statute of limitations defense.**

Gallagher contends that Santander's failure to initially include the statute of limitations defense in its Answer constituted waiver. *Id.* at 1-2 (citing *Myers v. John Deere Ltd.*, 683 F.2d 270, 273 (8th Cir. 1982); *Boudreaux v. Fulcher, Brooks & Daniels, LLC*, 2008 WL 11337504, at *1 (W.D. Mo. Oct. 29, 2008)). The cases he cites do not support this position. In *Myers*, the Eighth Circuit declined to hear a statute of limitations defense because the defense was both outside the answer and raised for the first time on appeal. *Myers*, 683 F.2d at 273 (citing *Mumbower v. Callicott*, 526 F.2d 1183, 1187 n.5 (8th Cir. 1975) (noting that the statute of limitations argument was "not raised in the trial court," and "will not be considered on appeal.")). In *Boudreaux*, defendants filed a motion to dismiss on the grounds that plaintiff's claims were barred by the statute of limitations. *Boudreaux*, 2008 WL 11337504, at *1. There, the court noted that no defendant had previously included the affirmative defense in its answer or moved to amend its answer to include the defense. *Id.* at *1-*2. Here, Santander moved to amend before the filing of any dispositive motions and before the passage of the Case Management Order's deadline for amendment of pleadings. Docs. [34], [29].

2

II. **Gallagher has not shown that Santander acted with undue delay when raising the defense.**

Gallagher also contends that Santander acted with undue delay by failing to include the statute of limitations defense in its Answer because all the facts necessary to give notice of the defense were alleged in the Complaint. Doc. [38] at 1-2 (citing *Ortega*, 2021 WL 1105503, at *3).

"It is well settled that '[d]elay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown.'" *Ohio Casu. Ins. Co. v. Eagle Mist. Corp.*, 2021 WL 1222424, at *3 (E.D. Mo. Mar. 31, 2021) (slip op.) (quoting *Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005) (quoting *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004))). Gallagher's argument is similar to the argument raised in *Ohio Casualty*. There, the nonmovant defendants argued that the movant plaintiff failed to explain the eight-month gap between filing the complaint and the motion, and so the amendment would cause undue delay. *Id.* This Court rejected that argument, noting that

> "[i]n demanding that plaintiffs explain the timing of the motion to amend, defendants appear to confuse the approach to a Rule 15 amendment with the approach to one under Rule 16 . . . . Rule 16's good-cause standard applies only when a party moves to amend *after* the court-ordered deadline for amendments has passed; in such a case, the movant must show it was diligent in meeting the schedule order's deadlines."

*Id.* (quoting *Sherman*, 532 F.3d at 716-17) (emphasis in original) (cleaned up). Here, as in *Ohio Casualty*, Santander "'need not make such a showing; instead [Gallagher] must demonstrate that any alleged delay will cause [him] prejudice.'" *Id.* (cleaned up); *see also Petworth Holdings, LLC v. Bowser*, 333 F.R.D. 297, 299 (D.D.C. 2019) ("Under Rule 15(a), 'the non-movant generally carries the burden in persuading the court to deny leave to amend.'") (quoting *Nwachukwu v. Karl*, 222 F.R.D. 208, 211 (D.D.C. 2004)). Gallagher has made no attempt to show prejudice.

III. **Gallagher has not shown that the defense would be futile.**

Finally, Gallagher contends that the motion must be denied as futile because the appropriate limitations period is five years. Doc. [38] at 2 (citing Doc. [30] (Plf's Brief on the Appropriate Statute of Limitations)).

For a proposed affirmative defense to be deemed futile for purposes of a motion to amend, the defense must be so insufficient that it would not survive a Rule 12(f) motion to strike. *See Scott v. City of Sioux City, Iowa*, 23 F. Supp. 3d 1017, 1021–22 (N.D. Iowa 2014). Motions under Rule 12(f) "are viewed with disfavor and infrequently granted," *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citing 5 Wright & Miller, Federal Practice And Procedure: Civil § 1380 at 783 (1969)), and they "will be denied if the defense is sufficient as a matter of law or if it fairly presents a

3

question of law or fact which the court ought to hear." *Id.* (quoting 2A MOORE'S FEDERAL PRACTICE ¶ 12.21 at 2437 (2d ed. 1975)). Courts have considerable discretion when deciding whether to grant a Rule 12(f) motion. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

The Court cannot find that the proposed statute of limitations defense would warrant Rule 12(f)'s extreme remedy. As Santander notes, and Gallagher does not deny, whether MO. REV. STAT. § 301.640(4) imposes a penalty or authorizes liquidated damages is a question of first impression, and both parties provide reasoned explanations for their respective positions. *See* Docs. [30], [33], [40]. The affirmative defense thus "fairly presents a question of law or fact which the court ought to hear," *Lunsford*, 570 F.2d at 229, and thus is not futile.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to Amend (Doc. [34]) is **GRANTED**.

Dated this 11th day of March, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4